UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JORDAN BRUNSON, a minor by and through his )
Aunt and Next Friend LaSHAWNYA BRUNSON, )
                   )
    Plaintiff,    )
                   )
vs.             )  No.
                   )
VILLAGE OF LANSING and POLICE OFFICER )
WILLIAM MASON,          )
                   )
    Defendant.   )  JURY TRIAL DEMANDED

## COMPLAINT

  JORDAN BRUNSON, a minor by and through his Aunt and Next Friend LaSHAWNYA BRUNSON, by and through her attorneys, Andrew M. Stroth of Action Injury Law Group LLC, and Carlton Odim of Odim Law Offices, complains of Defendants, Village of Lansing and Village of Lansing Police Officer William Mason as follows:

### Introduction

  1.  This is a civil rights action. On June 24, 2017, Jordan Brunson, a 15-year-old Black teenager, was battered and had his life threatened without lawful justification by Lansing Police Officer William Mason ("Officer Mason"). Jordan Brunson never presented a threat to Officer Mason.

  2.  Officer Mason was captured on video battering Jordan Brunson and threatening his life.[1]

---

[1] This video is located at: http://www.chicagotribune.com/suburbs/daily-southtown/news/ct-sta-lansing-video-st-0629-20170628-story.html

**Jurisdiction and Venue**

3. The Jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983 et seq; the Judicial Code, §§ 1331 and 1343(a); and the Constitution of the United States.

4. Venue is proper in this District under 28 U.S.C. § 1391(b). The parties reside, or, at the time the events took place, resided in this judicial district, and the events giving rise to plaintiff's claims also occurred in this judicial district.

**Parties**

5. Jordan Brunson is a minor. He resides in Cook County, Illinois.

6. Jordan Brunson Next Friend is his Aunt LaShanya Brunson, who resides in Cook County, Illinois.

7. Defendant Officer Mason was, at all times relevant to the allegations made in this complaint, a duly appointed police officer employed by the Village of Lansing, acting within the scope of his employment with the Village of Lansing and under the color of state law. He is sued in his individual capacity.

8. Defendant Village of Lansing, a municipality duly incorporated under the laws of the State of Illinois, is the employer and principal of Defendant Officer Mason.

**Facts**

9. On June 24, 2017 at approximately 4:00 pm, Jordan Brunson was walking on or near residential property in Lansing, Illinois which was owned or occupied by Defendant Officer Mason.

10. Without cause or provocation, Defendant Officer, seized and arrested Jordan Brunson, throwing him with force to the ground.

11. After throwing Jordan Brunson to the ground, Defendant Officer Mason choked, throttled and battered Brunson.

12. After throwing Jordan Brunson to the ground, Defendant Officer Mason threatened Brunson by saying the following words to him: "I'm going to f***ing kill you." Defendant Office Mason also commanded a woman at his house to bring him his gun. This caused Jordan Brunson to fear that Officer Mason would kill, maim, or severely wound him.

13. Defendant Officer Mason forcefully held Jordan Brunson on the ground until other unnamed Officers of the Lansing Police Department arrived at the location. No charges were filed against Jordan Brunson and he was subsequently released.

14. After the incident described in the preceding paragraphs the Police Department of the Village of Lansing issued a press release explaining that Defendant Officer Mason seized and arrested Brunson in connection with a police investigation of a fight involving 30 juveniles at or near 192nd Street and Oakwood Avenue in Lansing, Illinois.

15. As a direct and proximate result of the actions of Defendant Officer Mason, Jordan Brunson suffered and continues to suffer, among other things, bodily injury, pain, suffering, severe mental and emotional distress, fear, anguish, humiliation, loss of liberty, legal expenses and other costs.

## Count 1
## 42 U.S.C. § 1983 Claim for Excessive Force

16. Plaintiff repeats and realleges paragraphs 1-15, as if they were fully set out in this Count.

17. The acts of Defendant Officer Mason as described in this complaint violated Jordan Brunson's right under the Fourth Amendment to the United States Constitution to be

secured in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

18. The actions of Defendant Officer Mason were the direct and proximate cause of the constitutional violations set forth above and of the injuries suffered by Jordan Brunson.

WHEREFORE, pursuant to 42 U.S.C. §1983, Plaintiff demands substantial actual or compensatory damages, and because Defendant Officer Mason acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, attorney's fees and whatever additional relief this Court deems equitable and just.

## Count 2
## 42 U.S.C. § 1983 Claim for Unconstitutional Arrest and Detention

19. Plaintiff repeats and realleges paragraphs 1-15, as if they were fully set out in this Count.

20. The actions of Defendant Officer Mason in falsely arresting and detaining Jordan Brunson, without probable cause, violated Jordan Brunson's rights under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable search and seizure and thus violated 42 U.S.C. § 1983.

21. The actions of Defendant Officer Mason were the direct and proximate cause of the constitutional violations set forth above and of the injuries suffered by Jordan Brunson.

WHEREFORE, pursuant to 42 U.S.C. §1983, Plaintiff demands substantial actual or compensatory damages, and because Defendant Officer Mason acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, attorney's fees and whatever additional relief this Court deems equitable and just.

## Count 3
## State Law Claim for Assault and Battery

22. Plaintiff repeats and realleges paragraphs 1- 15, as if they were fully set out in this Count.

23. The acts of Defendant Officer Mason as described in this complaint were affirmative acts, performed willfully and wantonly and intended to cause and threatened to cause an unpermitted contact of a harmful and/or offensive nature and to which Jordan Brunson did not consent, and thus constitute assault and battery under the laws of the State of Illinois. Further, such acts directly and proximately caused Jordan Brunson's injuries, pain and suffering, and severe emotional distress as alleged above.

WHEREFORE, Plaintiff demands substantial actual or compensatory damages, and, because Defendant Officer Mason acted maliciously, wantonly, or oppressively, plaintiff demands punitive damages, plus the costs of this action and whatever additional relief this Court deems equitable and just.

## Count 4
## State Law Claim for Intentional Infliction of Emotional Distress

24. Plaintiff repeats and realleges paragraphs 1- 15, as if they were fully set out in this Count.

25. The acts of Defendant Officer Mason as described in this complaint were extreme and outrageous, were done intentionally, willfully and wantonly, and/or knowing there was a high probability that his conduct would cause Jordan Brunson severe emotional distress as set forth above.

26. As a direct and proximate result of Defendants' extreme and outrageous conduct, Jordan Brunson was injured and experienced severe emotional distress constituting intentional

infliction of emotional distress under Illinois state law.

WHEREFORE, Plaintiff demands actual or compensatory damages against Defendant Officer Brunson, plus the costs of this action and such other and additional relief as this Court deems equitable and just.

### Count 5
**State Law Claim for Respondeat Superior Against Defendant Village of Lansing**

27. Plaintiff repeats and realleges paragraphs 1- 15, as if they were fully set out in this Count.

28. Defendant Officer Mason was, at all times material to the allegations made in this complaint, an employee and agent of the Defendant Village of Lansing acting within the scope of his employment. Defendant Village of Lansing is liable for the acts of Defendant Officer Mason which violated state law under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for compensatory damages, jointly and severally from the Village of Lansing plus the costs of this action and whatever additional relief this Court deems equitable and just.

### Count 6
**745 ILCS 10/9-102 Claim Against Defendant Village of Lansing**

29. Plaintiff repeats and realleges paragraphs 1- 15, as if they were fully set out in this Count.

30. Defendant Village of Lansing was the employer of Defendant Officer Mason at all times relevant to the allegations contained in this complaint.

31. Defendant Officer Mason committed the acts alleged in this complaint under the color of law and in the scope of his employment as an employee of the Village of Lansing, and the Village is liable for his actions under 745 ILCS 10/9-102.

WHEREFORE, Plaintiff demands judgment against the Defendant City of Chicago in the amount awarded to Jordan Brunson against Defendant Officer Mason as damages, attorney's fees, costs and interest, and/or for any settlement entered into between the Plaintiff and Defendants, and for whatever additional relief this Court deems equitable and just.

August 3, 2017

/s/Andrew Stroth

Andrew M. Stroth
Action Injury Law Group, LLC
191 North Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 771-2444
astroth@actioninjurylawgroup.com

Carlton Odim
Odim Law Offices
225 West Washington Street, Suite 2200
Chicago, Illinois 60606
(312) 578-9390
carlton@odimlaw.com

*ATTORNEYS FOR PLAINTIFF*