## UNTIED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JORDAN BRUNSON, a minor by and through his Aunt and Next Friend, LaSAWNYA BRUNSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Court No. 17 cv 5649 |
| VILLAGE OF LANSING and POLICE OFFICER WILLIAM MASON, | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |

## DEFENDANT, THE VILLAGE OF LANSING'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES, the VILLAGE OF LANSING, by and through their attorneys, PETERSON, JOHNSON & MURRAY - CHICAGO, LLC, and for its answer and affirmative defenses to Plaintiff's Complaint, states as follows:

### Introduction

1.      This is a civil rights action. On June 24, 2017, Jordan Brunson, a 15-year-old Black teenager, was battered and had his life threatened without lawful justification by Lansing Police Officer William Mason ("Officer Mason"). Jordan Brunson never presented a threat to Officer Mason.

**ANSWER:   Defendant, Village of Lansing, admits this is a civil rights action, and that on June 24, 2017, Plaintiff was a 15-year-old Black teenager.  Further answering, Defendant, Village of Lansing, lacks sufficient knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 1.**

2.      Officer Mason was captured on video battering Jordan Brunson and threatening his life.

**ANSWER:** **Defendant, Village of Lansing, admits Defendant Mason was captured on video with Plaintiff and that said video speaks for itself.**

## Jurisdiction and Venue

3.     The Jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C.

§ 1983 et seq; the Judicial Code, §§ 1331 and 1343(a); and the Constitution of the United States.

**ANSWER:** **Defendant, Village of Lansing, admits that this court has jurisdiction.**

4.     Venue is proper in this District under 28 U.S.C. § 1391(b). The parties reside, or, at

the time the events took place, resided in this judicial district, and the events giving rise to

plaintiff's claims also occurred in this judicial district.

**ANSWER:** **Defendant, Village of Lansing, admits that this court is the proper venue.**

## Parties

5.     Jordan Brunson is a minor. He resides in Cook County, Illinois.

**ANSWER:** **Defendant, Village of Lansing, admits the allegations contained in Paragraph 5.**

6.     Jordan Brunson Next Friend is his Aunt LaShanya Brunson, who resides in Cook

County, Illinois.

**ANSWER:** **Defendant, Village of Lansing, lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 6.**

7.     Defendant Officer Mason was, at all times relevant to the allegations made in this

complaint, a duly appointed police officer employed by the Village of Lansing, acting within the

scope of his employment with the Village of Lansing and under the color of state law. He is sued in

his individual capacity.

**ANSWER:** **Defendant, Village of Lansing, admits that Defendant Mason was a duly appointed police officer employed by the Village and that he is sued in his individual capacity. Further answering, the Village of Lansing denies that Defendant Mason was acting within the scope of his employment or under color of state law at the relevant time at issue.**

7

8.     Defendant Village of Lansing, a municipality duly incorporated under the laws of the State of Illinois, is the employer and principal of Defendant Officer Mason.

**ANSWER:   Defendant, Village of Lansing, admits it is a municipality duly incorporated under the laws of the State of Illinois and that it is the employer of Defendant Mason.**

### Facts

9.     On June 24, 2017 at approximately 4:00 pm, Jordan Brunson was walking on or near residential property in Lansing, Illinois which was owned or occupied by Defendant Officer Mason.

**ANSWER:   Defendant, Village of Lansing, lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 9.**

10.     Without cause or provocation, Defendant Officer, seized and arrested Jordan Brunson, throwing him with force to the ground.

**ANSWER:   Defendant, Village of Lansing, lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 10.**

11.     After throwing Jordan Brunson to the ground, Defendant Officer Mason choked, throttled and battered Brunson.

**ANSWER:   Defendant, Village of Lansing, admits that Defendant Mason had Plaintiff on the ground. Further answering, Defendant Village of Lansing denies all other allegations set forth in Paragraph 11.**

12.     After throwing Jordan Brunson to the ground, Defendant Officer Mason threatened Brunson by saying the following words to him: "I'm going to f***ing kill you." Defendant Office Mason also commanded a woman at his house to bring him his gun. This caused Jordan Brunson to fear that Officer Mason would kill, maim, or severely wound him.

**ANSWER:   Defendant, Village of Lansing, admits that at some point during the altercation, the video of the incident captures a statement during which time it is believed Defendant Mason used words to the effect of, "If you come on my f***ing**

**property, I'm going to f\*\*\*ing kill you." Further answering, Defendant Village of Lansing denies all other allegations set forth in Paragraph 12.**

13.     Defendant Officer Mason forcefully held Jordan Brunson on the ground until other unnamed Officers of the Lansing Police Department arrived at the location. No charges were filed against Jordan Brunson and he was subsequently released.

**ANSWER:     Defendant, Village of Lansing, admits Defendant Mason held Plaintiff on the ground until on-duty officers from the Lansing Police Department arrived at the location. Defendant, Village of Lansing, also admits that no charges were filed against Plaintiff and that he was subsequently released.  Defendant, Village of Lansing, denies all other allegations as stated in Paragraph 13.**

14.     After the incident described in the preceding paragraphs the Police Department of the Village of Lansing issued a press release explaining that Defendant Officer Mason seized and arrested Brunson in connection with a police investigation of a fight involving 30 juveniles at or near 192nd Street and Oakwood Avenue in Lansing, Illinois.

**ANSWER:     Defendant, Village of Lansing, admits that the Lansing Police Department issued a press release relating to a fight involving approximately 30 juveniles at or near 192nd Street and Oakwood Avenue, in Lansing, Illinois. Further answering, Defendant, Village of Lansing, denies the remaining allegations set forth in Paragraph 14.**

15.     As a direct and proximate result of the actions of Defendant Officer Mason, Jordan Brunson suffered and continues to suffer, among other things, bodily injury, pain, suffering, severe mental and emotional distress, fear, anguish, humiliation, loss of liberty, legal expenses and other costs.

**ANSWER:     Defendant, Village of Lansing, lacks sufficient knowledge or information sufficient to form a belief about truth of the allegations set forth in Paragraph 15.**

**Count 1**
**42 U.S.C. § 1983 Claim for Excessive Force**

**Defendant, Village of Lansing, provides no answer to Count 1 of Plaintiff's Complaint as said Count is not directed at it**.

## Count 2
## 42 U.S.C. § 1983 Claim for Unconstitutional Arrest and Detention

**Defendant Village of Lansing provides no answer to Count 2 of Plaintiff's Complaint as said Count is not directed at it.**

## Count 3
## State Law Claim for Assault and Battery

22.    Plaintiff repeats and realleges paragraphs 1- 15, as if they were fully set out in this Count.

**ANSWER:    Defendant, Village of Lansing, restates and re-alleges its answers to Paragraphs 1 through 15 as though fully set forth herein.**

23.    The acts of Defendant Officer Mason as described in this complaint were affirmative acts, performed willfully and wantonly and intended to cause and threatened to cause an unpermitted contact of a harmful and/or offensive nature and to which Jordan Brunson did not consent, and thus constitute assault and battery under the laws of the State of Illinois. Further, such acts directly and proximately caused Jordan Brunson's injuries, pain and suffering, and severe emotional distress as alleged above.

**ANSWER:    Defendant, Village of Lansing, denies the allegations set forth in Paragraph 23.**

WHEREFORE, Defendant, the Village of Lansing, prays that this Honorable Court find in its favor and against the Plaintiff and for any and all other relief deemed necessary and just under the circumstances.

## Count 4
## State Law Claim for Intentional Infliction of Emotional Distress

24.    Plaintiff repeats and realleges paragraphs 1- 15, as if they were fully set out in this Count.

**ANSWER: Defendant, Village of Lansing, restates and re-alleges its answers to Paragraphs 1 through 15 as though fully set forth herein.**

25. The acts of Defendant Officer Mason as described in this complaint were extreme and outrageous, were done intentionally, willfully and wantonly, and/or knowing there was a high probability that his conduct would cause Jordan Brunson severe emotional distress as set forth above.

**ANSWER: Defendant, Village of Lansing, denies the allegations set forth in Paragraph 25.**

26. As a direct and proximate result of Defendants' extreme and outrageous conduct, Jordan Brunson was injured and experienced severe emotional distress constituting intentional infliction of emotional distress under Illinois state law.

**ANSWER: Defendant, Village of Lansing, denies the allegations set forth in Paragraph 26.**

WHEREFORE, Defendant, the Village of Lansing, prays that this Honorable Court find in its favor and against the Plaintiff and for any and all other relief deemed necessary and just under the circumstances.

**Count 5**
**State Law Claim for Respondeat Superior Against Defendant Village of Lansing**

27. Plaintiff repeats and realleges paragraphs 1- 15, as if they were fully set out in this Count.

**ANSWER: Defendant, Village of Lansing, restates and re-alleges its answers to Paragraphs 1 through 15 as though fully set forth herein.**

28. Defendant Officer Mason was, at all times material to the allegations made in this complaint, an employee and agent of the Defendant Village of Lansing acting within the scope of his employment. Defendant Village of Lansing is liable for the acts of Defendant Officer Mason which violated state law under the doctrine of respondeat superior.

11

**ANSWER: Defendant, Village of Lansing, admits Defendant Mason was an employee of the Village, but denies Defendant Mason was an agent at the time acting within the scope of employment, and therefore isn't liable under the doctrine of respondeat superior.**

WHEREFORE, Defendant, the Village of Lansing, prays that this Honorable Court find in its favor and against the Plaintiff and for any and all other relief deemed necessary and just under the circumstances.

## Count 6
### 745 ILCS 10/9-102 Claim Against Defendant Village of Lansing

29. Plaintiff repeats and realleges paragraphs 1- 15, as if they were fully set out in this Count.

**ANSWER: Defendant, Village of Lansing, restates and re-alleges its answers to Paragraphs 1 through 15 as though fully set forth herein.**

30. Defendant Village of Lansing was the employer of Defendant Officer Mason at all times relevant to the allegations contained in this complaint.

**ANSWER: Defendant, Village of Lansing, admits that Defendant Mason was an employee of the Village at the time of the allegations contained in this complaint.**

31. Defendant Officer Mason committed the acts alleged in this complaint under the color of law and in the scope of his employment as an employee of the Village of Lansing, and the Village is liable for his actions under 745 ILCS 10/9-102.

**ANSWER: Defendant, Village of Lansing, admits Defendant Mason was an employee at the time of the incident at issue. Further answering, Defendant, Village of Lansing, denies that Defendant Mason was on duty and that Defendant Mason committed the acts alleged in this Complaint under the color of law or within the scope of his employment as an employee of the Village. Therefore, Defendant, Village of Lansing, is not liable for indemnification of Defendant Mason.**

WHEREFORE, Defendant, the Village of Lansing, prays that this Honorable Court find in its favor and against the Plaintiff and for any and all other relief deemed necessary and just under the circumstances.

## AFFIRMATIVE DEFENSES

### Village of Lansing is not Liable under Respondeat Superior

Defendant Mason was off duty at the time of the alleged incident and was not acting within the scope of his employment as a duly sworn employee of the Village of Lansing Police Department.  As such, Defendant Village of Lansing is not liable under the theory of respondeat superior.

### Immunity for Punitive or Exemplary Damages

In further response to the claims directed against Defendant Village of Lansing, and without waiving any of the responses in the foregoing Answer, Defendant Village of Lansing is immune from punitive and exemplary damages, pursuant to 745 ILCS 10/2-102.  Additionally, pursuant to *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981), punitive damages are not recoverable against a municipality in a §1983 suit.

WHERFORE, Defendant Village of Lansing denies that Plaintiff is entitled to any relief whatsoever and respectfully requests that this Court enter judgment in its favor and against Plaintiff, and that this Court grant it such further and additional relief as deemed just and proper.

Respectfully submitted,

VILLAGE OF LANSING

By:      */s/ Darren K. Angell*
          Attorneys for Defendant

Darren K. Angell
Peterson, Johnson & Murray, Chicago LLC
200 West Adams Street
Suite 2125
Chicago, IL 60606
(312) 724-8024
dangell@pjmlaw.com