## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JORDAN BRUNSON, a minor by and through his Aunt and Next Friend LaSHAWNYA BRUNSON, | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | Case No. 17 CV 5649 |
| vs. | ) ) | Hon. Judge Edmond E. Chang |
| VILLAGE OF LANSING and POLICE OFFICER WILLIAM MASON, | ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANT OFFICER WILLIAM MASON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, Police Officer William Mason ("Officer Mason"), by and through his attorney, K. Austin Zimmer of Del Galdo Law Group, LLC, and answers Plaintiff's Complaint as follows:

### Introduction

1.    This is a civil rights action. On June 24, 2017, Jordan Brunson, a 15-year-old Black teenager, was battered and had his life threatened without lawful justification by Lansing Police Officer William Mason ("Officer Mason"). Jordan Brunson never presented a threat to Officer Mason.

**ANSWER: Defendant admits that this action is a civil rights action. Defendant Mason denies each and every remaining allegations contained in Paragraph No. 1.**

2.    Officer Mason was captured on video battering Jordan Brunson and threatening his life.[1]

**ANSWER: Defendant admits that a video was taken capturing a certain limited time period of his interaction with Plaintiff on the date of the occurrence. Defendant denies each and every remaining allegation contained in Paragraph No. 2.**

---

[1] This video is located at: http://www.chicagotribune.com/suburbs/daily-southtown/news/ct-sta-lansing-video-st-0629-20170628-story.html

**Jurisdiction and Venue**

3.      The Jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983 et seq; the Judicial Code, §§ 1331 and 1343(a); and the Constitution of the United States.

**ANSWER: Defendant admits that this court has jurisdiction.**

4.      Venue is proper in this District under 28 U.S.C. § 1391(b). The parties reside, or, at the time the events took place, resided in this judicial district, and the events giving rise to plaintiff's claims also occurred in this judicial district.

**ANSWER: Defendant admits that venue is proper.**

**Parties**

5.      Jordan Brunson is a minor. He resides in Cook County, Illinois.

**ANSWER: Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph No. 5.**

6.      Jordan Brunson Next Friend is his Aunt LaShanya Brunson, who resides in Cook County, Illinois.

**ANSWER: Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph No. 6.**

7.      Defendant Officer Mason was, at all times relevant to the allegations made in this complaint, a duly appointed police officer employed by the Village of Lansing, acting within the scope of his employment with the Village of Lansing and under the color of state law. He is sued in his individual capacity.

**ANSWER: Defendant admits the allegations contained in Paragraph No. 7.**

8.      Defendant Village of Lansing, a municipality duly incorporated under the laws of the State of Illinois, is the employer and principal of Defendant Officer Mason.

**ANSWER: Defendant admits the allegations contained in Paragraph No. 8.**

**Facts**

9.      On June 24, 2017 at approximately 4:00 pm, Jordan Brunson was walking on or near residential property in Lansing, Illinois which was owned or occupied by Defendant Officer Mason.

**ANSWER: Defendant admits that on June 24, 2017 at approximately 4:00 p.m., Plaintiff was on or near certain residential property in Lansing, Illinois which was owned or occupied by Defendant Officer Mason. Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph No. 9.**

10.      Without cause or provocation, Defendant Officer, seized and arrested Jordan Brunson, throwing him with force to the ground.

**ANSWER: Defendant denies the allegations contained in Paragraph No. 10.**

11.      After throwing Jordan Brunson to the ground, Defendant Officer Mason choked, throttled and battered Brunson.

**ANSWER: Defendant denies the allegations contained in Paragraph No. 11.**

12.      After throwing Jordan Brunson to the ground, Defendant Officer Mason threatened Brunson by saying the following words to him: "I'm going to f***ing kill you." Defendant Office Mason also commanded a woman at his house to bring him his gun. This caused Jordan Brunson to fear that Officer Mason would kill, maim, or severely wound him.

**ANSWER: Defendant denies the allegations contained in Paragraph No. 12.**

13.      Defendant Officer Mason forcefully held Jordan Brunson on the ground until other unnamed Officers of the Lansing Police Department arrived at the location. No charges were filed against Jordan Brunson and he was subsequently released.

**ANSWER: Defendant admits that he detained Plaintiff until other officers of the Lansing Police Department arrived at the location. Defendant admits that no charges have been filed against Plaintiff to date and that he was released. All allegations not specifically admitted are denied.**

14.      After the incident described in the preceding paragraphs the Police Department of the

Village of Lansing issued a press release explaining that Defendant Officer Mason seized and arrested Brunson in connection with a police investigation of a fight involving 30 juveniles at or near 192nd Street and Oakwood Avenue in Lansing, Illinois.

**ANSWER: Defendant admits that after June 24, 2017, the Police Department of the Village of Lansing issued a press release relating to the incident alleged in Plaintiff's complaint. Defendant answers further that the press release speaks for itself. All allegations not specifically admitted are denied.**

15.     As a direct and proximate result of the actions of Defendant Officer Mason, Jordan Brunson suffered and continues to suffer, among other things, bodily injury, pain, suffering, severe mental and emotional distress, fear, anguish, humiliation, loss of liberty, legal expenses and other costs.

**ANSWER: Defendant denies the allegations contained in Paragraph No. 15.**

**Count 1**
**42 U.S.C. § 1983 Claim for Excessive Force**

16.     Plaintiff repeats and realleges paragraphs 1-15, as if they were fully set out in this Count.

**ANSWER: Defendant incorporates his answers to paragraphs one (1) through fifteen (15) above, as if set forth fully herein, as his answer to Paragraph No. 16.**

17.     The acts of Defendant Officer Mason as described in this complaint violated Jordan Brunson's right under the Fourth Amendment to the United States Constitution to be secured in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

**ANSWER: Defendant denies the allegations contained in Paragraph No. 17.**

18.     The actions of Defendant Officer Mason were the direct and proximate cause of the constitutional violations set forth above and of the injuries suffered by Jordan Brunson.

**ANSWER: Defendant denies the allegations contained in Paragraph No. 18.**

WHEREFORE, Defendant, Officer William Mason, hereby seeks dismissal of Count 1 of Plaintiff's Complaint, and for such other relief as this Court deems just and proper.

**Count 2**
**42 U.S.C. § 1983 Claim for Unconstitutional Arrest and Detention**

19.       Plaintiff repeats and realleges paragraphs 1-15, as if they were fully set out in this Count.

**ANSWER: Defendant incorporates his answers to paragraphs one (1) through fifteen (15) above, as if set forth fully herein, as his answer to Paragraph No. 19.**

20.       The actions of Defendant Officer Mason in falsely arresting and detaining Jordan Brunson, without probable cause, violated Jordan Brunson's rights under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable search and seizure and thus violated 42 U.S.C. § 1983.

**ANSWER: Defendant denies the allegations contained in Paragraph No. 20.**

21.       The actions of Defendant Officer Mason were the direct and proximate cause of the constitutional violations set forth above and of the injuries suffered by Jordan Brunson.

**ANSWER: Defendant denies the allegations contained in Paragraph No. 21.**

WHEREFORE, Defendant, Officer William Mason, hereby seeks dismissal of Count 2 of Plaintiff's Complaint, and for such other relief as this Court deems just and proper.

**Count 3**
**State Law Claim for Assault and Battery**

22.       Plaintiff repeats and realleges paragraphs 1-15, as if they were fully set out in this Count.

**ANSWER: Defendant incorporates his answers to paragraphs one (1) through fifteen (15) above, as if set forth fully herein, as his answer to Paragraph No. 22.**

23.       The acts of Defendant Officer Mason as described in this complaint were affirmative acts, performed willfully and wantonly and intended to cause and threatened to cause an unpermitted contact of a harmful and/or offensive nature and to which Jordan Brunson did not consent, and thus constitute assault and battery under the laws of the State of Illinois. Further, such acts directly and proximately caused Jordan Brunson's injuries, pain and suffering, and severe emotional distress as alleged.

**ANSWER: Defendant denies the allegations contained in Paragraph No. 23.**

WHEREFORE, Defendant, Officer William Mason, hereby seeks dismissal of Count 3 of Plaintiff's Complaint, and for such other relief as this Court deems just and proper.

### Count 4
### State Law Claim for Intentional Infliction of Emotional Distress

24.     Plaintiff repeats and realleges paragraphs 1- 15, as if they were fully set out in this Count.

**ANSWER: Defendant incorporates his answers to paragraphs one (1) through fifteen (15) above, as if set forth fully herein, as his answer to Paragraph No. 24.**

25.     The acts of Defendant Officer Mason as described in this complaint were extreme and outrageous, were done intentionally, willfully and wantonly, and/or knowing there was a high probability that his conduct would cause Jordan Brunson severe emotional distress as set forth above.

**ANSWER: Defendant denies the allegations contained in Paragraph No. 25.**

26.     As a direct and proximate result of Defendants' extreme and outrageous conduct, Jordan Brunson was injured and experienced severe emotional distress constituting intentional infliction of emotional distress under Illinois state law.

**ANSWER: Defendant denies the allegations contained in Paragraph No. 26.**

WHEREFORE, Defendant, Officer William Mason, hereby seeks dismissal of Count 4 of Plaintiff's Complaint, and for such other relief as this Court deems just and proper.

### Count 5
### State Law Claim for Respondeat Superior Against Defendant Village of Lansing

The allegations contained in Count 5 of Plaintiff's Complaint are directed at Defendant Village of Lansing; therefore, Defendant Officer William Mason makes no answer to Count 5 of Plaintiff's Complaint. To the extent that the allegations contained in Count 5 of Plaintiff's Complaint are construed against Defendant Officer William Mason, Defendant Officer William Mason denies said allegations.

**Count 6**
**745 ILCS 10/9-102 Claim Against Defendant Village of Lansing**

The allegations contained in Count 6 of Plaintiff's Complaint are directed at Defendant Village of Lansing; therefore, Defendant Officer William Mason makes no answer to Count 6 of Plaintiff's Complaint. To the extent that the allegations contained in Count 6 of Plaintiff's Complaint are construed against Defendant Officer William Mason, Defendant Officer William Mason denies said allegations.

WHEREFORE, Defendant Officer William Mason respectfully request this Honorable Court enter judgment in his favor and against Plaintiff on all counts as pled against Officer Mason and for dismissal of this case against Officer Mason, with prejudice and costs, and any and all such further relief as is just and proper.

Respectfully submitted,
OFFICER WILLIAM MASON

By: */s/ K. Austin Zimmer*
K. Austin Zimmer
*One of His Attorneys*

K. Austin Zimmer (#6276227)
Joseph A. Giambrone (#6309071)
DEL GALDO LAW GROUP, LLC.
*Attorneys for Officer William Mason*
1441 S. Harlem Ave.
Berwyn, IL 60402
(708) 222.7000 (t) | (708) 222.7000 (f)
zimmer@dlglawgroup.com
giambrone@dlglawgroup.com

7

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JORDAN BRUNSON, a minor by and through his )
Aunt and Next Friend LaSHAWNYA )
BRUNSON, )
                                                   )
        Plaintiff, )
                                                   )      Case No. 17 CV 5649
vs. )
                                                   )      Hon. Judge Edmond E. Chang
VILLAGE OF LANSING and POLICE OFFICER )
WILLIAM MASON, )
                                                   )
        Defendants. )

**DEFENDANT OFFICER WILLIAM MASON'S**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES the Defendant, Police Officer William Mason ("Officer Mason"), by and through

his attorney, K. Austin Zimmer of DEL GALDO LAW GROUP, LLC, and states the following

Affirmative Defenses to Plaintiff's Complaint (the "Complaint"):

1.      Defendant Officer Mason re-alleges and incorporates his answers to Paragraphs 1

through 26 of Plaintiff's Complaint as if fully set forth herein.

<u>First Affirmative Defense</u>

2.      Defendant is not liable to Plaintiff for damages he sustained as a result of the Plaintiff's

failure to mitigate damages. To the extent Plaintiff could have prevented injury or mitigated such injuries

by taking reasonable actions under the circumstances, Plaintiff should not be awarded damages for that

injury. *Smith v. Rowe*, 761 F.2d 360, 366 (7th Cir. 1985). Accordingly, any verdict or judgment obtained

by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his

damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by a jury in this case.

<u>Second Affirmative Defense</u>

3.      At all relevant times Defendant Officer Mason was a government official, namely a

police officer, who performed discretionary functions. At all relevant times, a reasonable police officer

objectively viewing the facts and circumstances that confronted Defendant could have believed his actions to be lawful, in light of clearly established law and the information that defendant possessed. Defendant, therefore, is entitled to qualified immunity as to Plaintiff's federal claims.

Third Affirmative Defense

4. To the extent any injuries or damages claimed by Plaintiff was proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this cause.

Fourth Affirmative Defense

5. At all relevant times Defendant was acting within the scope of his employment, he is not liable for his acts or omissions in the execution of enforcement of the law, unless such acts or omissions constitutes willful and wanton conduct. 745 ILCS 10/2-202 (2013).

Fifth Affirmative Defense

6. As to all state law counts, under the Illinois Tort Immunity Act, Defendant is not liable for any of the claims alleged because his actions were based upon the information and circumstances known to Defendant at the time and were discretionary decisions for which he is immune from liability. 745 ILCS 10/2-201 (2013).

Sixth Affirmative Defense

7. As to Plaintiff's alleged state law claims, Defendant is not liable for any of the claims alleged because his actions constitute a reasonable use of force in that: force had been threatened against the Defendant or another, the Defendant was not the aggressor, the danger of harm was imminent, the threatened force was unlawful, the Defendant had an actual belief that a danger existed that force was necessary to avert the danger, the amount of force used was necessary and the Defendant's belief was reasonable. 720 ILCS 5/7-1

<u>Seventh Affirmative Defense</u>

8.       As to Plaintiff's state law claims, under the Illinois Tort Immunity Act, Defendant is not liable for any of the claims alleged because public employees acting within the scope of their employment are not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2013).

<u>Eighth Affirmative Defense</u>

9.       As to the state law claims, under the Illinois Tort Immunity Act, Defendant is not liable to Plaintiff because any allegation based on the Defendant police officer's decisions as to the way he attempted to apprehend Plaintiff and his decisions regarding the seizure of Plaintiff are barred by Section 4-102 of the Illinois Tort Immunity Act. 745 ILCS 10/4-102 (2013).

Defendant reserves the right to supplement these affirmative defenses as more information becomes available through litigation in this matter.

WHEREFORE, Defendant respectfully requests this Honorable Court enter judgment in his favor and against Plaintiff on all counts as pled against Officer Mason and for dismissal of this case against Officer Mason, with prejudice and costs, and any and all such further relief as is just and proper.

Respectfully submitted,
OFFICER WILLIAM MASON

By:      <u>*/s/ K. Austin Zimmer*   </u>
          K. Austin Zimmer
          *One of His Attorneys*

K. Austin Zimmer (#6276227)
Joseph A. Giambrone (#6309071)
DEL GALDO LAW GROUP, LLC.
*Attorneys for Officer William Mason*
1441 S. Harlem Ave.
Berwyn, IL 60402
(708) 222.7000 (t) | (708) 222.7000 (f)
zimmer@dlglawgroup.com
giambrone@dlglawgroup.com